Daniel I. Pace
PACE LAW OFFICES
101 E 9th Ave, Ste 7A
Anchorage, AK 99501
Telephone: (907) 222-4003
Facsimile: (907) 222-4006
Email: Dan@PaceLawOffices.com

ATTORNEY FOR PLAINTIFF
John G. Colotti

Matthew C. Clarkson, Esq.
Brena, Bell & Clarkson, P.C.
810 N Street, Suite 100
Anchorage, Alaska 99501
Telephone: (907) 258-2000
Facsimile: (907) 258-2001
E-Mail: mclarkson@brenalaw.com

ATTORNEY FOR DEFENDANTS
Second Street Investments LLC, and
Leann Jack

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JOHN G. COLOTTI,<br><br>  Plaintiff,<br><br> -vs-<br><br>SECOND STREET INVESTMENTS LLC, and LEANN JACK,<br><br>  Defendants. | <br><br><br><br><br><br><br><br>Case No. 3:16-cv-00216-HRH |

Joint Motion to Approve Settlement
*Colotti v. Second Street Investments, LLC et al.*, Case No. 3:16-cv-00216    Page 1 of 9

# JOINT MOTION TO APPROVE SETTLEMENT AGREEMENT
# AND MEMORANDUM IN SUPPORT

Plaintiff John Colotti ("Plaintiff"), and Defendants Second Street Investments, LLC and Leann Jack (collectively "Defendants"), by and through their undersigned counsel, jointly move this Court for the entry of an order approving the Parties' settlement agreement. In support of the motion, the Parties state as follows.

## I. Introduction and Settlement Agreement

On March 14, 2016, Plaintiff filed this action in Alaska Superior Court, alleging violations of the Alaska Wage and Hour Act ("AWHA"), Alaska Statutes 23.10.050, *et seq.*, for failure to pay overtime compensation.[1] Plaintiff amended his complaint on September 13, 2016 to allege violations of the Fair Labor Standards Act ("FLSA") and Alaska state law for failure to pay overtime compensation, unlawful wage deductions, failure to pay wages when due, and unlawful retaliation. Plaintiff's overtime claims were premised on the disputed proposition that Plaintiff was entitled to compensation for every hour he was on call between the hours of 12:00 a.m. and 7:00 a.m. Plaintiff's retaliation claim was premised on the disputed contention that Defendants retaliated against Plaintiff for filing the above-captioned lawsuit. Plaintiff's unlawful wage-deductions claim was premised on the disputed contention that Defendants were not permitted to collect Plaintiff's rent automatically out of Defendant's paychecks. Defendants vigorously

---

[1] 3AN-16-05375CI.
Joint Motion to Approve Settlement
*Colotti v. Second Street Investments, LLC et al.*, Case No. 3:16-cv-00216          Page 2 of 9
Case 3:16-cv-00216-HRH   Document 26   Filed 01/12/17   Page 2 of 9

disputed liability and damages. Defendants removed this case to federal district court on September 13, 2016.

Over the course of several months, the Parties, through counsel, engaged in extensive discovery, motions, and settlement discussions. Counsel exchanged documents and discussed the merits of the case, including the strengths and weaknesses of each party's positions on the claims. The Parties ultimately reached an agreement resolving all claims in the above-captioned case as described in the attached Settlement and Mutual Release Agreement ("Settlement Agreement").[2] In summary, the Settlement Agreement provides as follows:

- Second Street Investments is to pay Plaintiff $26,806.73 in wages;

- Second Street Investments is to pay Plaintiff $26,806.73 in liquidated damages;

- Second Street Investments is to pay Plaintiff $35,742.29 in emotional distress damages;

- Second Street Investments is to pay Plaintiff $4,794.75 in court costs and $46,849.50 in attorney's fees; and

- Plaintiff and Defendants agree to release any and all claims they may have against each other with respect to the facts and issues related to the claims asserted in this litigation.

Second Street Investments has agreed to pay this total amount of $141,000.00 within fourteen days after receiving notice that this Court approves the Parties' settlement. In

---

[2] Exhibit 1, Settlement Agreement.

Joint Motion to Approve Settlement
*Colotti v. Second Street Investments, LLC et al.*, Case No. 3:16-cv-00216       Page 3 of 9
Case 3:16-cv-00216-HRH   Document 26   Filed 01/12/17   Page 3 of 9

exchange, Plaintiff has agreed to dismiss the above-captioned case with prejudice. Each Party's counsel has explained the settlement and litigation process to their respective clients. Undersigned counsels report that all Parties approve of the Settlement Agreement and respectfully request that this Court approve of same.

## II. Legal Argument

### A. The Settlement Agreement Must Be Approved By the Court to be Valid and Enforceable.

Under the AWHA, a private settlement agreement is not valid unless it is either supervised by the Alaska Department of Labor or approved by a Court.[3] Similarly, under the FLSA, the Ninth Circuit recently stated in an unreported case that "FLSA claims may not be settled without approval of either the Secretary of Labor or a district court."[4] Accordingly, the parties submit the attached Settlement Agreement for approval by the Court to ensure its validity and enforceability.

### B. The Settlement Agreement Represents a Reasonable Compromise Over Disputed FLSA and AWHA Claims and Should Be Approved by this Court.

The Alaska Supreme Court does not appear to have established criteria for a court to consider when determining whether to approve a settlement agreement regarding claims arising under the AWHA. Nevertheless, the Alaska Supreme Court looks to

---

[3] *DeSalvo v. Bryant,* 42 P.3d 525, 528-29 (Alaska 2002) (stating that "settlement agreements entered into after August 21, 1995 that are not approved by the court or the department are expressly rendered unenforceable.") (citing *Alyeska Pipeline Serv. Co. v. Shook,* 978 P.2d 86, 90 (Alaska 1999)).
[4] *Seminiano v. Xyris Enterprise, Inc.*, 602 Fed. Appx. 682, 683 (9th Cir. 2015) (citations omitted).

Joint Motion to Approve Settlement
*Colotti v. Second Street Investments, LLC et al.*, Case No. 3:16-cv-00216　　　　Page 4 of 9
Case 3:16-cv-00216-HRH   Document 26   Filed 01/12/17   Page 4 of 9

federal court interpretations of the FLSA for guidance when interpreting and applying the AWHA.[5] The Federal District Court for the District of Maryland recently held that a "settlement should be approved if the settlement '[reflects] a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute.'"[6] Similarly, the Eleventh Circuit has stated that when considering approval of a compromise settlement, federal courts should consider whether the settlement "is a fair and reasonable resolution of a bona fide dispute over FLSA provisions."[7] Here, the Parties' Settlement Agreement reflects just such a reasonable compromise over disputed AWHA and FLSA provisions.

Plaintiff contends that the combined total amount of unpaid wages (including liquidated damages), unlawfully withheld rent, and non-economic damages he is owed is in excess of $200,000, exclusive of costs, interest, and attorney fees. Defendants vigorously dispute these claims and the alleged amounts owed. Specifically, as seen in Defendants' December 12, 2016, Motion for Partial Summary Judgment, Defendants have raised numerous legal defenses to Plaintiff's claims. In light of the inherent risks, costs, and uncertainty associated with litigation, the Parties compromised their claims and defenses in an amount mutually agreed upon and determined to be fair and reasonable in

---

[5] *McKeown v. Kinney Shoe Corp.*, 820 P.2d 1068, 1071 n.2 (Alaska 1991) (observing that while the two acts are not identical, the court has "recognized that the AWHA is based on the Federal Labor Standards Act of 1938 . . . [and] we have found the federal court interpretations of the FLSA helpful in interpreting consistent aspects of the AWHA.").
[6] *Lopez v. NTI, LLC*, 748 F. Supp. 2d 471, 478 (D. Md. 2010) (quoting *Lynn's Food Stores v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)).
[7] *Lynn's Food Stores,* 679 F.2d at 1355.

Joint Motion to Approve Settlement
*Colotti v. Second Street Investments, LLC et al.*, Case No. 3:16-cv-00216      Page 5 of 9
Case 3:16-cv-00216-HRH    Document 26    Filed 01/12/17    Page 5 of 9

light of those considerations. The $141,000 total settlement amount described above is reasonable given the Parties' disputes regarding the legitimacy of Plaintiff's claims in this lawsuit.

Additionally, Federal courts have identified a number of factors to be considered in evaluating whether a proposed settlement is reasonable, adequate and fair. These factors include:

> (1) the extent of discovery that has taken place; (2) the stage of the proceedings, including the complexity, expense and likely duration of the litigation; (3) the absence of fraud or collusion in the settlement; (4) the experience of counsel who have represented the plaintiffs; (5) the opinions of class counsel and class members after receiving notice of the settlement whether expressed directly or through failure to object; and (6) the probability of plaintiffs' success on the merits and the amount of the settlement in relation to the potential recovery.[8]

*First,* extensive discovery has taken place and the Parties have had ample opportunity to review relevant records related to Plaintiff's claims in this lawsuit. The Parties dispute all core issues in the case: whether Plaintiff was entitled to compensation for all of his on-call hours; whether Defendants "willfully" violated the FLSA; whether Defendants' collection of rent from Plaintiff was permissible; and whether Defendants retaliated against Plaintiff.

*Second*, before the Parties reached a settlement, this litigation was at the summary judgment stage. Defendants filed their Motion for Partial Summary Judgment on December 12, 2016. But for the Parties' settlement, costly oppositions, cross-motions,

---

[8]   *Duprey v. Scotts Co. LLC*, 30 F. Supp. 3d 404, 409 (D. Md. 2014).

Joint Motion to Approve Settlement
*Colotti v. Second Street Investments, LLC et al.*, Case No. 3:16-cv-00216   Page 6 of 9
Case 3:16-cv-00216-HRH   Document 26   Filed 01/12/17   Page 6 of 9

replies, and oral arguments would have been necessary. Further, any factual disputes the Court found to exist regarding the applicability of the AWHA and FLSA to the hours Plaintiff allegedly worked, among others things, would potentially have forced the case all the way to a trial on the merits. The inherent costs, delays, and risks associated with the continued litigation of this case, potentially through trial, dictates that settlement is a reasonable approach to resolving Plaintiff's claims.

*Third*, in negotiating the Settlement Agreement, the Parties engaged in arms-length and good-faith negotiations, through their respective counsel. Moreover, prior to the settlement, Plaintiff was given the opportunity to review relevant documents related to his claims, and to consider the potential value of his claims, as well as the strength of Defendants' defenses. Based on this review and analysis, and with the assistance and advice of Plaintiff's counsel, Plaintiff concluded that the proposed settlement provides a fair and reasonable resolution of his claims.

*Fourth*, Plaintiff's counsel has experience investigating, litigating, and settling AWHA and FLSA claims. Mr. Pace has litigated a number of AWHA and FLSA claims in Alaska. Similarly, Plaintiff's counsel is well-equipped to advise, and has advised, Plaintiff as to the suitability of the settlement proposed by the Parties.

*Fifth*, as discussed above, a settlement of AWHA and FLSA claims should be approved if the settlement reflects a reasonable compromise over issues, such as the coverage of the AWHA and FLSA, that are actually in dispute.[9] As demonstrated by

---

[9] *See Lopez*, 748 F. Supp. 2d at 477 (internal citations omitted).

Defendants' Motion for Partial Summary Judgment, Plaintiff's claims are clearly in dispute in this case. Further, the Plaintiff took into account the possibility that a finder of fact may determine that Defendants properly complied with the AWHA and FLSA; the possibility that, even if liability were found, any violation of the FLSA may be found to have been made in good faith and not to be "willful"; the uncertainty and risks associated with litigation, including the Court's eventual determination as to what amount of Plaintiff's on-call hours were compensable under the AWHA and/or FLSA; and the costs that each party will incur if the litigation continues.

Moreover, Plaintiff understands that by entering into the Settlement Agreement, pursuant to the terms and conditions described therein, Plaintiff is agreeing (i) to dismiss his lawsuit with prejudice; and (ii) to release and waive any and all claims now known and raised or which may later become known and/or raised with respect to the facts and issues related to the claims asserted in the Litigation. Plaintiff further understands and agrees that in exchange for these releases, he is receiving the agreed-upon settlement amount in complete satisfaction of any and all interest, costs, attorneys' fees, liquidated damages, and any other damages associated with his claims asserted in this litigation. Plaintiff acknowledges that his decision to settle the lawsuit is voluntarily made of his own accord, without any pressure, coercion, or undue influence by anyone. To ensure that the parties' Settlement Agreement is valid and enforceable, the Parties jointly present the attached Settlement Agreement for the Court's review and approval.

Joint Motion to Approve Settlement
*Colotti v. Second Street Investments, LLC et al.*, Case No. 3:16-cv-00216　　　　Page 8 of 9
Case 3:16-cv-00216-HRH   Document 26   Filed 01/12/17   Page 8 of 9

## III. Conclusion

For the foregoing reasons, the parties respectfully request that the Court approve their Settlement Agreement and enter an order of dismissal with prejudice. Moreover, in an effort to avoid additional attorneys' fees and costs on both sides, and to expedite the finality of the settlement, the Parties jointly request this Court approve this settlement without the need for a hearing.

DATED this 12th day of January, 2017, at Anchorage, Alaska.

**PACE LAW OFFICES**
Attorney for Plaintiff
John G. Colotti

/s/ Daniel Pace
Daniel I. Pace
Alaska Bar No. 1305008

DATED this 12th day of January, 2017, at Anchorage, Alaska.

**BRENA, BELL & CLARKSON, P.C.**
Attorney for Defendants
Second Street Investments, LLC and Leann Jack

/s/ Matthew Clarkson
Kevin G. Clarkson
Alaska Bar No. 8511149
Matthew C. Clarkson
Alaska Bar No. 1111077

Joint Motion to Approve Settlement
*Colotti v. Second Street Investments, LLC et al.*, Case No. 3:16-cv-00216　　Page 9 of 9
Case 3:16-cv-00216-HRH   Document 26   Filed 01/12/17   Page 9 of 9